UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

    Plaintiff,

v.

BOSTON MARKET CORPORATION and
SARAH PRINZI,

    Defendants.
_____/

Case No. 17-11649

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S FEBRUARY 14, 2018 REPORT AND RECOMMENDATION [20]**

Currently before the Court is Magistrate Judge Patti's Report and Recommendation [20] to grant Defendants' Motion to Dismiss [13], pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), for failing to plead facts sufficient to state a claim upon which relief can be granted. Plaintiff has since lodged two objections [21] to the Magistrate Judge's Recommendation, which the Court considers here. For the reasons that follow, the Court OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case.

This Court performs a *de novo* review of those portions of Magistrate Judge Patti's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an

'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)).

Plaintiff, Mark Colston, filed this *pro se* civil rights action against his former employer, Defendant Boston Market Corporation ("Boston Market") and against Defendant Sarah Prinzi ("Prinzi"), the Director of Risk Management and Loss Prevention for Boston Market Corporation (collectively "Defendants"). Boston Market hired Plaintiff in October 2013 to work as a dishwasher. In October 2014, and again on August 15, 2016, gunmen robbed the restaurant, while Plaintiff was present. During the August 15, 2016 robbery, a fellow employee pushed Plaintiff as they both attempted to escape the gunman. Plaintiff fell at the back door entrance, managed to stand, and seek safety at a neighboring drug store despite the fall. The following day, Plaintiff informed Boston Market he was injured during the robbery and needed immediate medical attention.

Following the August 15, 2016 robbery, Plaintiff never returned to regular work with Boston Market. Plaintiff asserts "he was not placed back on schedule to work after he informed management that he was injured during the robbery and he provided proof that he was injured." (Pl. Compl., Dkt. 1, at 8; PgID 8.) Plaintiff had a series of frustrating communications, on December 21, 2016, January 26, 2017 and February 2, 2017, with Defendant Sarah Prinzi and Dolores Graham ("Graham"), the workers compensation adjuster from Gallagher Bassett Services, Boston Market's workers compensation provider. Prinzi informed Plaintiff that Boston Market had terminated him on November 1, 2016 for

2

not going to work and that benefits were no longer available to him. Graham stated "they were going to dispute [Plaintiff's] claim that he was injured as a result of the robbery." (Pl. Compl., Dkt. 1, at 5, PgID 5.)

Plaintiff claims the following injuries as a result of the robbery on August 15, 2016. Plaintiff provides a Medical Absence note from Roseville Urgent Care, which states in full, "Patient [Plaintiff] was seen on 9/12/2016 and is able to return to work on 9/12/2016. Activity Limitations: No prolonged standing or excessive walking for 2 weeks." (Pl. Resp. to Mot.; Dkt. 17, at 12; PgID 159.) Additionally Plaintiff provides a one page letter dated March 13, 2017 from One Step At A Time Counseling Services, Inc. which describes Plaintiff having PTSD symptoms and an injury to his lower back and right ankle. (Pl. Resp. to Mot.; *Id.* at 18; PgID 160.)

Plaintiff filed two previous complaints with this Court related to these incidents both of which were dismissed without prejudice. (See Case Nox. 17-10076 and 17-10084.) On May 24, 2017, Plaintiff filed this matter. Plaintiff's complaint states in part:

> This is a civil rights action file by Mark Colston In Pro Per seeking injunctive relief, damages and punitive damages pursuant to rights secured by the Michigan constitution and the constitution of the United States and those secured by the eighth amendment cruel and unusual punishment and the fourteenth amendment due process and equal protection of the law. Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities and Retaliation.

(Pl. Compl.; Dkt. 1, at 1; PgID 1.)

Plaintiff's pleading references a February 2, 2017 EEOC complaint filed with the Michigan Department of Civil Rights and which purportedly issued a right to sue letter. (Pl. Compl.; Dkt. 1, at 8; PgID 8.) On the face of the pleading, Plaintiff intends this to be a civil rights complaint. However, Plaintiff's pleading lacks a straightforward legal theory and is

3

not "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Sixth Circuit liberally construes pleadings of a *pro se* litigant. *Martiv v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Magistrate Judge Patti therefore, interprets Plaintiff's intended claims and theories of liability as three causes of action: (1) a Title VII claim for wrongful discharge based on racial discrimination, with sub-theories of discharge due to race and retaliation for complaining about racial discrimination; (2) an ADA wrongful termination claim based upon the theory of retaliation for complaining; and, (3) a claim for denial of medical or workers compensation benefits.

Plaintiff's second objection takes umbrage with Magistrate Judge Patti's interpretation of Plaintiff's claims. The objection states, "objections to the Magistrate [Judge's] interpretation of Plaintiff legal clams an[d] demands for relief." (Pl. Obj. to R&R; Dkt. 21, at 5; PgID 209.) "Plaintiff claims in the complaint filed May 24, 2017 and Plaintiff response to Defendants motion to dismiss are about wrongful termination/retaliation." (*Id.*) Plaintiff follows these statements with a series of previously presented facts. Plaintiff does not explain how his objection asserting a wrongful termination/retaliation claim, differs from the first and second causes of action the Magistrate Judge described, a Title VII claim for wrongful termination based on retaliation and an ADA wrongful termination claim for retaliation.

Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, "the lenient treatment generally accorded to *pro se* litigants has limits."

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "[T]he less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed.Appx. 277, 278 (6th Cir. 2001). A court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Magistrate Judge Patti, made a fair assessment of Plaintiff's pleadings and articulated the three possible avenues of liability despite Plaintiff's near incoherence. Plaintiff's objection to those conclusions lack specificity for this Court to know what claim he believes Magistrate Judge Patti overlooked. Because Plaintiff simply summarizes facts that have been presented before and does not support his objection with any specific error in the Magistrate Judge's reasoning, Plaintiff's objection fails.

Plaintiff's other objection is with the Magistrate Judge's finding that Plaintiff's Title VII and ADA claims are precluded because Plaintiff failed to file within 90 days of the Right to Sue notice, as required by law. Plaintiff presents for the first time in his objection an "equitable tolling" argument. The theory of "equitable tolling" was not raised in Plaintiff's Complaint, nor in his Response to Plaintiff's Motion to Dismiss [17]. Plaintiff has offered no explanation for his failure to assert this claim earlier.

The Sixth Circuit stated in 2010, it has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge. *The Glidden Co. v. Kinsella*, 386 Fed.Appx. 535 n.2 (6th Cir. 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). However, also in 2010, the Sixth Circuit held a district court was correct finding "a claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 Fed.

5

Appx. 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000) (unpublished table decision) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)(collecting cases holding that issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived))). Subsequent Sixth Circuit cases, in 2011, 2016 and 2017, continue to hold claims raised for the first time in objections to a magistrate judge's report and recommendation are not properly before a district court. *Becker v. Clermont County Prosecutor*, 450 Fed.Appx. 438, 439 (6th Cir. 2011) (citing *Murr*, 200 F.3d at 902 n.1); *Lindsay v. Bradshaw*, 2017 WL 4417877 at *2 (6th Cir. 2017) (citing *Murr*, 200 F.3d at 902 n.1); *Hogston v. Comm'r of Soc. Sec.*, 2016 WL 9447154 at *3 (6th Cir. 2016) (citing *Murr*, 200 F.3d at 902 n.1 and also *Swain*, 379 Fed.Appx. at 517-18). Numerous district courts in the Sixth Circuit, have held the same.[1] "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Childress v. Michalke*, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) ( J. Goldsmith) (citing *Murr*, 200 F.3d at 902 n.1) (quotation marks omitted). Plaintiff's failure to raise the equitable tolling argument prior to this objection, means Plaintiff has waived this argument.

---

[1] Defendant cites three such district court cases. *Accord Brown v. Cassens Transp. Co.*, 2007 WL 4548225, *1 (E.D. Mich. Dec. 19, 2007)(J. Borman) ("Parties cannot raise arguments on objection to a report and recommendation that they did not bring beforet he magistrate judge."); *Allen v. Int'l Truck & Engine Corp.*, 2009 WL 863591, *1 (S.D. Ohio Mar. 31, 2009) ("the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendation [sic] before the District Court, and the failure to raise the agrruement before the Magistrate Judge constitutes the waiver of the same."); *Marr v. Foy*, 2010 WL 3061297, *4 (W.D. Mich. Aug. 3, 2010).

Notwithstanding Plaintiff's waiver, this Court finds Plaintiff's claim regarding equitable tolling to be without merit.  In the employment discrimination context, the Sixth Circuit has enumerated five factors that are pertinent to a decision whether to apply equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.  *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  The Sixth Circuit has also cautioned that equitable tolling "is not an escape valve through which jurisdictional requirement will evaporate since the tolling of the statutory periods on equitable grounds is usually very much restricted."  *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981) (citations omitted).

Nothing contained within Plaintiff's asserted facts, taking all assertions to be true, explains circumstances that prevented Plaintiff from filing on time.  He knew of the filing date as early as February.  Plaintiff then waited until the second week of May to contact Defendant in an effort to resolve the matter, only a week before the filing deadline. (Pl. Object. R&R; Dkt. 21, at 3; PgID 207.)  When Plaintiff did not hear back from Defendants, Plaintiff filed his complaint a few days late although he could have, just as easily, filed within the 90 day time limit provided.  The law is "replete with instance which firmly establish that ignorance of the law, despite a litigant's *pro se* status is not excuse" for failure to follow legal requirements."  *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002). Plaintiff had knowledge of the deadline and still filed late. Plaintiff's failure to file on time was avoidable.  Plaintiff's attempt to use the equitable tolling doctrine, after previously not raising this issue, fails on the merits as well.  Plaintiff's objection is therefore denied.

7

For the reasons thus stated, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES the complaint.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager